## Gernand Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Herbert Mayers*, for estate.

*Wesley H. Caldwell*, for legatee.

KLEIN, P. J., May 29, 1958.—Muriel Gernand, wife of Howard Walter Gernand, also known as Howard W. Gernand, decedent in the present case, died August 5, 1955, leaving a will under the terms of which she left legacies to her husband, her mother, her sister, Helen Eiser and 10 other persons.

Instead of probating the will, Howard, an aged retired minister of the Episcopal Church, applied for letters of administration, which were granted to him. He then delivered the will to his sister-in-law, Helen Eiser, who is a resident of New Jersey, together with

certain jewelry, which belonged to his wife, some of which she had bequeathed to Yvonne Travis, a friend.

Helen Eisler thereupon willfully destroyed the will and fraudulently appropriated to her own use the jewelry entrusted to her.

After considerable litigation, a stipulation of counsel was filed, which was signed by Wesley H. Caldwell, as counsel for Yvonne Travis, the legatee, and Herbert Mayers, as counsel for Howard W. Gernand. The stipulation provided, inter alia, that: "The lost or destroyed document, a copy of which was submitted by the witness, Eugene F. Edwards, shall be taken as proved and verified by him and the witness, Ursula T. Barnes . . . and shall be probated herein as the Last Will and Testament of the decedent." The stipulation provided further that the letters of administration granted to Howard W. Gernand be revoked and that "Letters of Administration, c.t.a. shall be issued to him."

Suit was filed in replevin in New Jersey for the recovery of decedent's jewelry from Helen Eiser. After considerable delay, she turned over certain jewelry, which, however, the legatee contends is not decedent's jewelry but other items of much less value which she fraudulently substituted for the genuine articles.

Although more than 15 months had elapsed since the grant of letters, it was necessary to cite Mr. Mayers to file an account. In his answer, he recites as the reason for his failure to file an account the doubt which exists whether the ring delivered to him by Helen Eiser is the one which was owned by Muriel Gernand and that it may be necessary to institute further legal proceedings to recover the genuine ring.

By order dated May 19, 1958, this court directed Herbert Mayers to file an account of his administration of the estate of Muriel Gernand within 15 days.

As a result of the chicanery and fraud practiced by Helen Eiser in her dealings with the estate of Muriel

Gernand, we have on our own motion procured and examined the record in the office of the register of wills of the estate of Muriel's deceased husband, Howard Walter Gernand. This study reveals that letters testamentary were issued to Helen Eiser on May 2, 1958, and that she is represented in this proceeding by Herbert Mayers. No security was entered by Helen Eiser. Although she is a substantial beneficiary under Howard Walter Gernand's will, several charities have also been named as beneficiaries.

Section 331(5) of the Fiduciaries Act of April 18, 1949, P. L. 512, provides that the orphans' court shall have exclusive power to remove a personal representative when for any reason the interests of the estate are likely to be jeopardized by his continuance in office.

Section 332 provides that the court, on its own motion, may summarily remove a personal representative when necessary to protect the rights of creditors or parties in interest.

We are all of the opinion that this is a case which demands the summary removal of the executrix, Helen Eiser, by this court, sua sponte, for the following reasons:

(1) She has, admittedly, fraudulently destroyed the will of her sister, Muriel Gernand, thereby compelling the beneficiaries named in the will to conduct expensive and extended litigation to enforce their rights; and

(2) She has fraudulently converted to her own use jewelry forming part of the estate of Muriel Gernand.

It is clear to us from the manner in which Helen Eiser has acted with reference to her sister's estate, that she is irresponsible and untrustworthy and is not a fit person to be permitted to act in any fiduciary relationship. Furthermore, since she does not reside in Pennsylvania and has not entered security for the

faithful performance of her duties as executrix, it would be most difficult to enforce any order against her if she acted with the same impropriety in this case as she obviously did in her dealings with the estate of her deceased sister.

We repeat what was said by Judge Bolger when we removed the trustee in Rentschler Estate, 11 D. & C. 2d 357, 373:

"We are not required to wait to bolt the stable door until the horse is gone."

We note our displeasure with the conduct of Herbert Mayers. There is real doubt whether he has been faithful to his trust in administering the estate in his care. It is difficult for us to comprehend how he can act as administrator of Muriel Gernand's estate and also serve as counsel for Helen Eiser, as executrix, in the present case, since their interests are obviously adverse.

We, therefore, enter the following

*Decree*

And now, May 29, 1958, it is ordered and decreed, that:

(1) Helen Eiser is summarily removed as executrix of the estate of Howard Walter Gernand, also known as Howard W. Gernand, deceased;

(2) Helen Eiser is further ordered and directed to file an account of her administration of said estate within 15 days of the date of this decree;

(3) The register of wills is directed to appoint an administrator d.b.n.c.t.a., as soon as possible; and

(4) Helen Eiser is ordered and directed to deliver to her successor, promptly upon his appointment, all of the property of every kind and description in her possession belonging to said estate as well as all books, papers and records pertaining thereto.